United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FLORENCIO TORRES RODRIGUEZ,

    Petitioner,

v.

RICHARD SUBIO,

    Respondent.

No. C 07-04796 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Florencio Torres Rodriguez is serving a ten-year prison sentence at Mule Creek State Prison in Ione, California. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C 2254. The government is **ORDERED TO ANSWER** the petition.

## STATEMENT

Petitioner was convicted of four counts of lewd and lascivious acts on a child under 14 in February 2004. He had molested his wife's daughter from a previous relationship. On July 20, 2004, he was sentenced to ten years in state prison.

Petitioner then filed a timely notice of appeal with the California Court of Appeal, which affirmed the lower court's decision. His subsequent petition for review in the California Supreme Court was denied. The grounds raised in the petition for review were the same as those raised in the Court of Appeal.

No further petitions challenging his conviction are pending in state or federal court. Prior to this action, petitioner had not filed a petition in federal court. This petition is timely

under 28 U.S.C. 2254. Petitioner federal habeas corpus petition was filed on September 18, 2007.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIMS.

Petitioner argues that the convictions on Counts Three and Four should have been dismissed because the trial was in an improper venue and therefore violated his due process rights. He also contends that the conviction on Count Four violated his due process rights because it was supported by insufficient evidence. Finally, petitioner claims that he had ineffective assistance of counsel in violation of his Sixth Amendment rights. Petitioner states valid claims. The state therefore must answer.

## CONCLUSION

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition, all attachments to it, and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY NOVEMBER 24, 2007, AN ANSWER** conforming to Rule 5 of the Rules governing Section 2254 Cases in the United States District Courts. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must

2

be indexed.  If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated:  September 24, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE