EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
JULIET B. HALEY
Deputy Attorney General
RENÉ A. CHACÓN, State Bar No. 119624
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5957
 Fax:  (415) 703-1234
 Email:  rene.chacon@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **FLORENCIO TORRES RODRIGUEZ,**<br><br>Petitioner,<br><br>v.<br><br>**RICHARD SUBIO,**<br><br>Respondent. | No. C 07-04796 WHA<br><br>**ANSWER TO ORDER TO SHOW CAUSE** |

Respondent, Richard Subio, Warden at Chuckawalla Valley State Prison at Blythe, California, provides this Answer to the Order to Show Cause.

**I.**
**CUSTODY**

Petitioner is lawfully confined in the custody of the California Department of Corrections and Rehabilitation, pursuant to a judgment imposed by the Santa Clara County Superior Court on July 20, 2004.  A jury found petitioner guilty of four counts of lewd and lascivious conduct on a child under the age of 14, Cal. Penal Code § 288(a), and returned findings of substantial sexual conduct with respect to two counts, Cal. Penal Code § 1203.066(a)(8).  The trial court sentenced

petitioner to state prison for 10 years. *See* Respondent's Exhibit A (hereinafter "CT") at 130-34, 247-50, 253, 381, 384-85.

## II.
## STATE PROCEDURAL HISTORY

By amended information the Santa Clara County District Attorney charged petitioner with four counts of lewd and lascivious conduct on a child under the age of 14 years, Cal. Penal Code § 288(a), and alleged substantial sexual conduct with respect to two counts, Cal. Penal Code § 1203.066(a)(8). *See* CT at 130-34. The information also alleged one prior prison term commitment, Cal. Penal Code § 667.5(b). CT at 133.

On February 18, 2004, a jury found petitioner guilty as charged and found true the substantial sexual conduct allegations with respect to two counts. CT at 247-50, 253.

On July 20, 2004, the trial court denied the defense motion for a new trial. CT at 381. The trial court denied petitioner probation and imposed a 10-year prison term. CT at 381, 384-85.

On April 17, 2006, the California Court of Appeal affirmed the judgment in an unpublished decision. *See* Petn. Exh. A.

On June 28, 2006, the California Supreme Court denied the petition for review. *See* Petn. Exh. B.

## III.
## FEDERAL PROCEDURAL HISTORY

On September 18, 2007, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. On September 24, 2007, the Court issued the Order to Show Cause.

## IV.
## CLAIMS FOR RELIEF

Respondent denies each of petitioner's claims, denies that any of petitioner's claims state a basis for federal habeas corpus relief, and affirmatively alleges that petitioner's convictions did not result from a violation of any federal constitutional right. Respondent incorporates by reference the Points and Authorities filed in support of the Answer. Respondent specifically responds to each claim as follows.

**Due Process Challenge To Venue**

The California Court of Appeal found the claim was waived because petitioner failed to raise a venue challenge in the state trial court. Accordingly, petitioner's federal claim is procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 260-63 (1989). Further, petitioner has not met his burden of demonstrating cause for, or prejudice resulting from, this procedural default, nor has petitioner demonstrated that the failure to reach the issue will result in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**Insufficient Evidence In Support Of Count Four**

Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of *Jackson v. Virginia*, 443 U.S. 307 (1979), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

**Ineffective Assistance Of Counsel**

The state record shows that the state court's resolution of the merits is a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner has failed to show that the state court's disposition was "contrary to, or involved an unreasonable application" of clearly established United States Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1), (2).

## V.
## EXHAUSTION

Petitioner exhausted his state remedies with respect to the federal claims found cognizable in the instant petition. *Rose v. Lundy*, 455 U.S. 509 (1982); *see* Respondent's Exhibit B.

## VI.
## AVAILABLE TRANSCRIPTS AND RECORD

Respondent has lodged with the Clerk of the Court copies of the relevant state record: Exhibit A (Clerk's Transcript); Exhibit B (Petition for Review); Exhibit C (Reporter's Transcript of Opening Statements, pages 1-17); Exhibit D (Reporter's Transcript of February 9, 2004,

Proceedings, pages 1-98); Exhibit E (Reporter's Transcript of Trial, pages 1-659).

## VII.
## EXPRESS AND IMPLIED FACTUAL FINDINGS

Respondent alleges that petitioner received a full and fair hearing on all of this claims in the state courts, and that all express and implied factual findings by the state courts are entitled to a presumption of correctness. 28 U.S.C. § 2254(d), (e)(1). Respondent denies that any claim made by petitioner requires an evidentiary hearing by this Court. 28 U.S.C. § 2254(e)(2).

## VIII.
## GENERAL DENIAL

Respondent denies each and every factual or procedural allegation in the petition affording a basis for relief that has not been expressly admitted in the Answer. Respondent incorporates by reference any statements of fact material to the issues herein which are contained in the accompanying memorandum of points and authorities or in the exhibits filed with this Court, to the extent not inconsistent with the respondent's factual allegations herein.

**CONCLUSION**

Accordingly, respondent respectfully requests that the Court deny the petition for writ of habeas corpus.

Dated: December 20, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General


/s/   RENÉ A. CHACÓN
Supervising Deputy Attorney General
Attorneys for Respondent

RAC:eaw
40199467.wpd
SF2007402694

Answer    *Rodriguez v. Subio*, No.  C 07-04796 WHA